UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESIREE' MORRISON (#300195)

VERSUS                                                  CIVIL ACTION

JIM ROGERS, ET AL                                       NUMBER 11-585-JJB-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 20, 2012.

                                              **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESIREE' MORRISON (#300195)

VERSUS						CIVIL ACTION

JIM ROGERS, ET AL				NUMBER 11-585-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 7. The motion is opposed.

### I. Background

Pro se plaintiff, an inmate confined at Louisiana Correctional Institute for Women, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Jim Rogers and Regional Warden Howard Prince. Plaintiff alleged that she has been prohibited from receiving religious compact discs (hereinafter "CDs") in violation of her First Amendment rights.

Plaintiff alleged that since 2006, she has received prerecorded non-music cassette tapes from religious organizations. Plaintiff alleged that in January 2011 she was advised by mail room personnel that prisoners would not be permitted to receive or accept non-music CDs.

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding the claims against them before

bringing her suit. Defendants relied on a statement of undisputed facts, the affidavit of Rhonda Z. Waldon, and the results of Administrative Remedy Procedure (hereinafter ARP) LCIW-2011-041.

## II. Applicable Law and Analysis

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d

503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act (PLRA) does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.*

Plaintiff alleged that she filed ARP LCIW-2011-041 regarding the claims raised in the complaint. The summary judgment evidence showed that the plaintiff filed LCIW-2011-041 on January 26, 2011, complaining that mail room officer Dupart advised her that prisoners could no longer receive religious CDs through the mail, free of charge from religious organizations, because the prison canteen sells CDs. Plaintiff complained that the canteen

3

does not sell CDs with Biblical lessons and requested that prisoners be permitted to receive free items from religious organizations including religious CDs, books, Bibles, magazines and other free items.

In moving for summary judgment on grounds that the plaintiff failed to exhaust available administrative remedies, the defendants argued that the plaintiff failed to identify any of the named individual defendants in her administrative grievance.

As noted above, the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. However, a grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit.

The summary judgment evidence showed that the plaintiff's administrative grievance provided prison administrators with a fair opportunity to address the plaintiff's claim that the prison policy at issue interfered with her religious freedom, a claim which later formed the basis of the plaintiff's suit against the defendants.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be denied and this matter be referred back to the magistrate judge for further proceedings.

Signed in Baton Rouge, Louisiana, on January 20, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**