UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DESIREE' MORRISON (#300195)

VERSUS                                                        CIVIL ACTION

JIM ROGERS, ET AL                                NUMBER 11-585-JJB-DLD

**RULING ON MOTION FOR APPOINTMENT OF COUNSEL**

Before the court is the plaintiff's Motion for Appointment of Counsel. Record document number 15.

Pro se plaintiff, an inmate confined at Louisiana Correctional Institute for Women, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Jim Rogers and Regional Warden Howard Prince. Plaintiff alleged that she has been prohibited from receiving religious compact discs (hereinafter "CDs") in violation of her First Amendment rights.

Plaintiff's complaint is neither factually nor legally complex. Plaintiff succinctly set out the factual basis for her claim. Liberally construed, the plaintiff alleged that the defendants interfered with her ability to obtain religious compact discs in violation of her First Amendment rights.

Conflicts do arise between a prisoner's exercise of her religious freedom and genuine concerns of day-to-day prison administration. In determining whether a prison regulation impinges on an inmate's constitutional rights, the court must consider four factors which were set out in *Turner v. Safley*, 482 U.S.78, 107 S.Ct. 2254 (1987). These are: (1)

whether the regulation has a logical connection to the legitimate government interests invoked to satisfy it, (2) whether there are alternative means of exercising the rights that remain open to the inmate, (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards and prison resources, and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at a de minimis cost to valid penological interests.

Plaintiff appears capable of adequately investigating her case. She filed a factually detailed complaint setting forth clearly and concisely the details of the alleged incident.

Appointment of counsel would likely be of some benefit to the plaintiff, but it would do little to assist in the examination of the witnesses or shaping the issues for trial.

Consideration of the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982), does not support a finding that appointment of counsel for the plaintiff is either required or warranted.

Accordingly, the plaintiff's motion for appointment of counsel is denied.

Signed in Baton Rouge, Louisiana, on February 8, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**