UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DESIREE MORRISON (#300195)** | **CIVIL ACTION** |
| **VERSUS** | |
| **JIM ROGERS, ET AL.** | **NO. 11-0585-JJB-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen(14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 3, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DESIREE MORRISON (#300195)**                    **CIVIL ACTION**

**VERSUS**

**JIM ROGERS, ET AL.**                            **NO. 11-0585-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 22. Pursuant to Order of this Court dated July 3, 2012, rec.doc.no. 24, the plaintiff was notified that a review of her Motion by the Court indicated that the defendants may be entitled to summary judgment as a matter of law. Accordingly, the Court directed the plaintiff to supplement her Motion for Summary Judgment so as to demonstrate, if she is able, that there exist disputed issues of material fact in this case or an adequate legal basis upon which to maintain her claim against the defendants. Id. The plaintiff has now responded to the Court's directive in this regard. See rec.doc.no. 25.

The pro se plaintiff, an inmate previously confined at the Louisiana Correctional Institute for Women ("LCIW"), St. Gabriel, Louisiana, commenced this proceeding pursuant to 42 U.S.C. § 1993 against LCIW Warden Jim Rogers, Regional Warden Howard Prince and Secretary James LeBlanc, complaining that her constitutional and federal statutory rights had been violated by the defendants' refusal to allow her to receive, through the mail, free non-music religious CDs from religious organizations. She alleged that, commencing in January, 2011, prison officials began to deny her the right to receive these CDs, purportedly because religious CD's were available for purchase in the LCIW commissary. The plaintiff further asserted that she had no interest in the CDs available in the commissary, all of which were music CDs, and that she needed the non-music religious CDs to practice her religious beliefs in accordance with the United States Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA"). She prayed

for this Court to overturn the decision of the LCIW administration relative to non-music CDs from religious organizations and to compel the defendants to comply with the United States Constitution and RLUIPA and to protect her "right to receive information and practice her religion." The only relief prayed for in her Complaint was injunctive relief.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where a party has moved for summary judgment, however, and the record developed on the party's motion reveals that the adverse parties may be entitled to summary judgment, the Court has discretion to grant summary judgment in favor of the opposing parties even though no formal motion has been filed. NL Industries, Inc. v. GHR Energy Corp., 940 F.2d 957 (5th Cir. 1991), cert. denied, 502 U.S. 1032, 112 S.Ct. 873, 116 L.Ed.2d 778 (1992); Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp., 932 F.2d 442 (5th Cir. 1991); Marriott Bros. v. Gage, 911 F.2d 1105 (5th Cir. 1990). Before summary judgment may be granted in favor of a party who has not requested it, notice to the adverse party must be given. NL Industries v. GHR Energy Corp., supra.

In the Court's Order of July 3, 2012, the Court advised the plaintiff that, inasmuch as the sole claim asserted in her Complaint was for declaratory and injunctive relief and inasmuch as the record reflected that she had since been released from custody at the Louisiana Correctional Institute for Women, her claim appeared to be subject to dismissal as moot. See, e.g., Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "render[s] ... claims for declaratory and injunctive relief moot"). In her response, the plaintiff provides no legitimate basis for the abrogation of this general principle and asserts only that her claim relates to "an injury for which she can seek relief through the courts" and that the deprivation of which she complains is ongoing and continues to affect inmates housed at LCIW. Notwithstanding, in the absence of physical injury, the plaintiff is clearly not entitled to recover for

any mere mental or emotional harm which she sustained as a result of the defendants' actions, 42 U.S.C. § 1997e(e), and the law is clear that the plaintiff has no standing to assert a claim relative to the alleged violation of the rights of other inmates. See Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986). Accordingly, it appears clear that the plaintiff's claim for declaratory and injunctive relief has been rendered moot by her release from LCIW and that this proceeding is subject to dismissal for this reason.[1]

Further, in the alternative, it appears that the plaintiff's claim would likely be subject to dismissal in any event as being without substantive merit. Although she complains that prison administrators at LCIW denied her access to free non-music CDs from religious organizations, it appears from the prison's response to the plaintiff's administrative grievance, see rec.doc.no. 7-4, pp. 8 and 18, that she would have been allowed to purchase non-music religious CDs from approved vendors and that the non-music religious CDs of which she complains, i.e., those provided free by religious organizations, could have been donated to the LCIW Pastoral Care Department or to the LCIW Library Services Program for access by the plaintiff and other prisoners.[2] Thus, the plaintiff was not completely precluded from access to the materials of which she complains but was only limited in the manner in which she could obtain such access. On the record before the Court, it does not appear that this limitation upon the plaintiff's rights would be found to be an unreasonable deprivation in light of the prison's legitimate penological interest in controlling the influx of materials into the prison environment. See Turner v. Safely, 482 U.S. 78,

---

[1] Although the plaintiff states in her Response to the Court's Order, rec.doc.no. 25, that she prayed for monetary damages in her original Complaint, a review of the Complaint does not support this assertion.

[2] It appears from LCIW Posted Policy No. 028, relative to the allowed personal property of inmates at that institution, see rec.doc.no. 7-4, p. 8, that "[a]ll recorded CDs must be a commercial product obtained through appropriate mail order vendors," and it appears from the LCIW Policies and Procedures for Volunteers, see rec.doc.no. 7-4, p. 18, that "[v]olunteers are prohibited from giving inmates items or articles of any kind without securing prior approval.... Religious or other cassette/video tapes may be donated to the Pastoral Care Department or to the Library Services Program but may not be given to individual inmates."

107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (providing that certain reasonable limitations upon an inmate's constitutional rights may be justified by legitimate penological interests).

RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 22, be denied. It is further recommended that summary judgment be granted, sua sponte, in favor of the defendants, dismissing the plaintiff's claims, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on August 3, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**